IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PAUL BENJAMIN GOIST,

   Petitioner,

vs.            CIVIL ACTION NO.: CV205-213

JOSE M. VAZQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Paul Benjamin Goist ("Goist"), an inmate incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI Bennettsville") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Return on the Show Cause Order and Goist filed a Reply. For the reasons which follow, Goist's Petition should be **DISMISSED**.

## DISCUSSION AND CITATION TO AUTHORITY

Goist was convicted in the Northern District of Ohio for a bank robbery in violation of 18 U.S.C. § 2113(a). Goist is currently serving 240 months' imprisonment. Goist was transferred from Federal Correctional Institution in Jesup, Georgia ("FCI Jesup") to FCI Bennettsville after the commencement of his Section 2241 Petition. Goist is scheduled for release on July 11, 2018. (Resp't's Ex. A, p. 3.)

In the instant petition, Goist appears to assert that Respondent, the Warden of FCI Jesup, conspired with his "co-business partners" to deprive Goist of his liberty. Goist

AO 72A
(Rev. 8/82)

contends that he has suffered damages as a result of these individuals' alleged criminal activities. Goist seeks approximately $160 million in damages based on these individuals' alleged actions.

In general, the distinction between claims that may be brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), and those that must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as a serious risk of beatings or sexual assaults at the hands of other prisoners, are <u>Bivens</u> actions, not habeas actions. <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a <u>Bivens</u> claim. <u>See, e.g.</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).[1] Based on this settled distinction, the claims at issue and the relief sought here are far more analogous to those asserted in <u>Bivens</u> actions rather than in habeas petitions. <u>See</u> <u>Gwin v. Snow</u>, 870 F.2d 616 (11th Cir. 1989).

---

[1] Although the cases cited in the body of this Report are cases dealing with causes of action filed under 42 U.S.C. § 1983, courts generally apply the same law to <u>Bivens</u> claims as they do to section 1983 claims. <u>See</u> <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995).

2

Goist's petition is primarily nonsensical. At best, it appears that Goist asserts that Respondent and other individuals are engaged in an ongoing criminal conspiracy which seeks to deprive him of his liberty. Should Goist wish to assert a claim for money damages, Goist must assert his claims under Bivens, not in a habeas corpus petition. As a result, Goist has failed to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Goist's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 29th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)